# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# CAPE GIRARDEAU DIVISION

| | |
|---|---|
| DINOSAUR MERCHANT BANK LIMITED ) | |
| ) | |
| Plaintiff, ) | |
| ) No. 1:19cv84acl | |
| v. ) | |
| ) JURY TRIAL DEMANDED | |
| BANCSERVICES INTERNATIONAL, LLC, ) | |
| ) | |
| Defendant. ) | |

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff Bancservices International, LLC ("Bancservices"), by and through the undersigned counsel, pursuant to Rule 13 of the Federal Rules of Civil Procedure, as its Counterclaim, states:

1. Bancservices is a domestic limited liability company organized and existing under the laws of the State of Missouri, with its principal place of business in Charleston, Missouri.

2. Plaintiff/Counterclaim Defendant Dinosaur Merchant Bank Limited ("Dinosaur") purports to be a private company organized under the laws of United Kingdom and majority-owned by a citizen of State of New York.

3. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorneys' fees, and there exists complete diversity of citizenship.

4. Venue in this district is proper pursuant to 28 U.S.C. §1391. In addition, by virtue of a contract described below, Dinosaur consented to venue in Missouri, either in federal or state courts.

## FACTS COMMON TO ALL CLAIMS

5. Bancservices is a banking services company which delivers a complete suite of bi-directional international financial products with a network of diverse distribution channels and global connectivity.

6. On October 13, 2017, Bancservices and Dinosaur entered into an agreement entitled the International Payment Services Agreement ("IPSA") by which Dinosaur engaged Bancservices to provide payment services for Dinosaur namely, Bancservices BANCwire product which automates complex, multi-currency settlements.

7. On October 30, 2018, Dinosaur directed Bancservices to transmit a $17,348,645.00 wire using its BANCwire product to the Curacao Court's account at Banco di Caribe Bank pursuant to the pre-existing IPSA ("Transaction").

8. The Transaction involved multiple parties in the chain of transfers in addition to Dinosaur, Bancservices and the Curacao Court.

9. Dinosaur failed to disclose to Bancservices that the Transaction circumvented the Curacao Court process by using a Panama law firm as an escrow agent. Therefore, Bancservices did not understand the actual role of the Panama law firm. The Panamanian law firm, De Jesus & De Jesus, was not the escrow agent approved by the Curacao Court. Further there was a court appointed escrow agent that was not disclosed to Bancservices. Therefore it is now unclear as to why De Jesus & De Jesus was to receive a payment in excess of $6 million as part of the Transaction. Both the involvement of the Panamanian law firm and the large and unexplained payment to it, if disclosed to Bancservices, would have raised significant compliance issues and may have ultimately caused the Transaction to be rejected by other involved parties.

10. In the alternative, Dinosaur affirmatively represented to Bancservices that the Transaction did not involve any parties that may cause it to be rejected.

11. Whether or not parties that may cause the Transaction to be rejected were involved was material to Bancservices decision to accept the Transaction.

12. Dinosaur's material omission or representation set forth above was false.

13. Dinosaur had superior knowledge and access to information regarding the Transaction then Bancservices and knew, or should have known, that the Transaction involved parties that may cause it to be rejected.

14. Dinosaur had a duty to disclose the role of the Panama law firm as an escrow agent in the Transaction.

15. Bancservices did not know that parties that may cause the Transaction to be rejected were involved in the Transaction and reasonably relied upon the information provided to it by Dinosaur in deciding to accept the Transaction.

16. Dinosaur intended for Bancservices to rely upon the information it provided to it regarding the Transaction.

17. At some point downstream in the chain of transfers in Transaction, either Banco di Caribe or another bank in the chain rejected the payment and returned the $17,348,645 to Bancservices.

18. Upon information and belief, the Transaction was rejected due to concerns regarding the role of the Panama law firm as escrow agent and/or the possibility that the transaction violated certain sanctions which have been imposed against PDVSA which is the Venezuelan national oil company and certain designated persons related to PDVSA and the Venezuelan government.

19. Bancservices has been damaged as a result of the Transaction. Bancservices damages, include but not are limited to, lost business opportunities with other clients who have declined to do business with Bancservices or have demanded terms less favorable to Bancservices. The extent and amount of such damages are yet to be determined but are not less than $4 million.

### COUNT I—FRAUD

As its first cause of action against Plaintiff/Counterclaim Defendant Dinosaur Merchant Bank Limited, Defendant/Counterclaim Plaintiff Bancservices International, LLC states:

20. Bancservices realleges paragraphs 1 through 19 above.

21. As set forth above, Dinosaur knew that the Transaction involved a party or parties that may cause the Transaction to be rejected.

22. Dinosaur's actions described herein constituted fraud against Bancservices.

23. Bancservices was damaged as a direct and proximate result of Dinosaur's fraud.

WHEREFORE, Defendant/Counterclaim Plaintiff Bancservices International, LLC respectfully requests the Court to enter its judgment in its favor and against Plaintiff/Counterclaim Defendant Dinosaur Merchant Bank Limited on Count I of its Counterclaim, in an amount to be determined at trial, but not less than $75,000.00; plus pre-judgment and post-judgment interest; court costs incurred herein; and for such other and further relief which the Court deems just and proper under the circumstances.

## COUNT II—BREACH OF CONTRACT

As its second cause of action against Plaintiff/Counterclaim Defendant Dinosaur Merchant Bank Limited, Defendant/Counterclaim Plaintiff Bancservices International, LLC states:

24. Bancservices realleges paragraphs 1 through 23 above.

25. Section 1.4 of the IPSA required Dinosaur to provide to Bancservices material information regarding the Transaction.

26. As more fully set forth above, Dinosaur failed to provide to Bancservices material information regarding the Transaction and, thereby, breached the IPSA.

27. Section 7.2 of the IPSA requires Dinosaur to provide information regarding the Transaction to Bancservices upon request by Bancservices. After the Transaction was rejected, Bancservices requested material and relevant information regarding the Transaction from Dinosaur which is refused to provide and, thereby, breached the IPSA.

28. Bancservices has been damaged as a direct and proximate result of Dinosaur's breaches of the IPSA as set forth above.

WHEREFORE, Defendant/Counterclaim Plaintiff Bancservices International, LLC respectfully requests the Court to enter its judgment in its favor and against Plaintiff/Counterclaim Defendant Dinosaur Merchant Bank Limited on Count II of its Counterclaim, in an amount to be determined at trial, but not less than $75,000.00; plus pre-judgment and post-judgment interest; court costs incurred herein; and for such other and further relief which the Court deems just and proper under the circumstances.

## COUNT III—INDEMNITY

As its third cause of action against Plaintiff/Counterclaim Defendant Dinosaur Merchant Bank Limited, Defendant/Counterclaim Plaintiff Bancservices International, LLC states:

29. Bancservices realleges paragraphs 1 through 28 above.

30. In Section 10 of the IPSA, Dinosaur agreed to indemnify Bancservices from any damages, including attorney's fees, it incurred as a result of the breach of the IPSA, infringement of laws, willful misconduct, fraud, intentional tort or negligence of Dinosaur.  As more fully set forth above, Dinosaur committed breach of the IPSA, willful misconduct, fraud, negligence and may have infringed laws in relation to the Transaction.

31. Bancservices has incurred damages and attorney's fees as a result of Dinosaur's breach of the IPSA, willful misconduct, fraud, negligence and possible infringement of laws in relation to the Transaction.

WHEREFORE, Defendant/Counterclaim Plaintiff Bancservices International, LLC respectfully requests the Court to enter its judgment in its favor and against Plaintiff/Counterclaim Defendant Dinosaur Merchant Bank Limited on Count III of its Counterclaim, in an amount to be determined at trial, but not less than $75,000.00; plus pre-judgment and post-judgment interest; court costs incurred herein; and for such other and further relief which the Court deems just and proper under the circumstances.

Respectfully submitted,

**BLITZ, BARDGETT & DEUTSCH, L.C.**

By: <u>*/s/ R. Thomas Avery*</u>
R. Thomas Avery, #45340MO
Aaron W. Sanders, #64133MO
120 South Central Ave., Suite 1500
St. Louis, MO 63105
(314) 863-1500
(314) 863-1877 (facsimile)
dluce@bbdlc.com
asanders@bbdlc.com

*Attorneys for Defendant Bancservices International, LLC*

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was sent via electronic mail this 10th day of July, 2019, to the following:

Brian P. Baggott
Steven M. Aaron
Brian K. O'Bleness
DENTONS US, LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111-7700
Brian.baggott@dentons.com
Steven.aaron@dentons.com
Brian.obleness@dentons.com

*Attorneys for Plaintiff*

*/s/ R. Thomas Avery*