# **EXHIBIT 8**

**From:** Tenette Abanilla [mailto:tabanilla@dinogroup.eu]
**Sent:** Tuesday, July 16, 2019 11:48 AM
**To:** Javier Goicochea
**Cc:** Arsen Babayan Chobanyan; Glenn Ault; Sandy Valle; Susan Britt; Arthur D. Middlemiss; Aaron, Steven M.; rtavery@bbdlc.com
**Subject:** Re: Termination of Services Agreement

Hi Javier,

Please see attached response from DMBL.

Best regards,



Tenette Abanilla
Director and COO
Dinosaur Merchant Bank Limited
t. +44 (0) 207 4961784
a. 48-54 Moorgate EC2R 6EJ London
e. tabanilla@dinogroup.eu

On Fri, Jul 12, 2019 at 12:19 PM Javier Goicochea <javier@bancwire.org> wrote:

Dear Ms. Abanilla,

Please accept this correspondence as BSI's exercise of its right under Section 13.4 of the Services Agreement to terminate the Services Agreement immediately for Cause.

We will send you the hard copy by courier,

Sincerely,

1

Javier Goicochea



15 July 2019

Dear Javier Goicochea:

    We have received your letter of July 12, 2019, purporting to terminate the October 13, 2017, International Payment Services Agreement ("IPSA") "for Cause" under section 13.4 of the IPSA.  We reject that Bancservices International, LLC ("BSI") has any basis under section 13.4 of the IPSA to terminate the IPSA for Cause.  Nor would BSI have a reason to terminate the IPSA "for Breach" under section 13.3 of the IPSA.

    The only Cause or Breach that has occurred under the BSI-drafted IPSA is BSI's unjustified refusal to return funds entrusted to BSI for transfer which BSI failed to consummate and BSI's additional unjustified refusal to provide an accounting for those funds that have been kept in violation of the express terms of the IPSA.  Indeed, as you know, BSI's clear misconduct is now the subject of litigation brought by us in the United States District Court for the Eastern District of Missouri.  Had there been any Breach or Cause by us BSI would no doubt have acted before that lawsuit was brought, not in retaliation after it was served and filed and BSI's agents repeated refusals to discuss our claims with our agents.

    We find the assertion by BSI that there is Cause for misconduct under section 13.4(iii) to be mystifying.  Our New York counsel repeatedly sought to discuss with BSI's counsel BSI's improper withholding of funds and offered to supply additional information beyond the ample documentary material supplied at the time of the funds transfer request.  Indeed, our New York counsel even went so far as to obtain the view of OFAC that the transfer request – at the time it was made – was fully legal.  As for the invocation of section 13.4(viii), regarding materially injurious conduct to BSI, we have no idea what that can mean.  BSI is, after all, improperly withholding $3,469,718.26, excluding continuously accruing interest, of our funds – thus we are the party materially injured.  That amount includes what has been asserted by BSI to be a 5% "transaction fee" of $867,429.63 and a 15% "escrow holdback" of $2,602,288.63 in connection with the funds.  Neither of those are authorized under the IPSA.

    Of course, under section 13.2 of the IPSA, BSI is entitled to terminate the IPSA for any reason upon 90 days notice.  We will consider the notice BSI has sent to be such a notice.

    In any event, terminating the IPSA invokes certain of its clauses.  Based upon BSI's intent to terminate, we are entitled by the IPSA under but not limited to sections 13.7 and 15.13 of the IPSA to the return of all funds being held by BSI, including any funds purported to be held by BSI on escrow.  This also includes all funds that are in excess of the fees provided for explicitly in the IPSA which are under section 1.3 of the IPSA a "Max. USD 30.00 per transaction" and a "% charge per transaction of 0.3%" and a fee of any incoming wires of "USD 20.00."  Moreover, we are entitled to interest on assertedly escrow funds and the excessive fee amounts that have been heretofore been held improperly by BSI.

   In addition, we demand a clear accounting of all funds that BSI has maintained custody over and not returned to us, including but not limited to the purported "escrow holdback." Specifically, we demand an accounting of all funds that (a) were sent by us to third parties but did not reach their destination and have not been returned to us as well as all funds that (b) were to be sent to us by third parties through BSI and have not been transmitted to us.

   Finally, and in addition to the above, we remind BSI of its other obligations under IPSA, and in terms of implementing the wind-up obligations of section 13.7 of the IPSA BSI should contact us through our counsel, Steven M. Aaron, of Dentons US, LLP, at once. A copy of this notification is also being sent to R. Thomas Avery, of Blitz, Bardgett & Deutsch, L.C., at email address rtavery@bbdlc.com, whom we understand is representing BSI in the federal litigation initiated by us against BSI for its prior misconduct.

Sincerely,

*[signature]*

Glenn Grossman
CEO
Dinosaur Merchant Bank Ltd