UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DINOSAUR MERCHANT BANK LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19 CV 84 ACL |
| | ) |
| BANCSERVICES INTERNATIONAL LLC, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant/Counterclaim Plaintiff Bancservices International, LLC's ("BSI") "Motion to Reconsider the Court's December 6, 2019 Memorandum and Order as it Relates to Counterclaims and Request for Oral Argument." (Doc. 34.)

**I.  Background**

In its Complaint, Plaintiff Dinosaur Merchant Bank Limited ("Dinosaur") asserted claims of breach of contract, breach of good faith and fair dealing, and conversion based on BSI's withholding of $3,469,718.26 of funds from a failed transaction ("Transaction"). The Transaction was initiated under an International Payment Services Agreement ("IPSA") executed between the parties. BSI filed a Counterclaim, in which it asserted claims of fraud, breach of contract, and indemnity related to the Transaction.

In its December 6, 2019, Memorandum and Order, the Court granted Dinosaur's Motion for Judgment on the Pleadings. The Court held that BSI was in breach of the IPSA for retaining the $3,469,718.26. The Court further found that BSI failed to state a claim for fraud, breach of contract, or indemnity.

BSI now requests that the Court reconsider the Memorandum and Order with respect to BSI's Counterclaim for fraud and indemnity.[1] Dinosaur has filed a Response in opposition to BSI's Motion (Doc. 37), and BSI has filed a Reply (Doc. 40).

## II.  Legal Standard

Motions for reconsideration are not explicitly mentioned in the Federal Rules of Civil Procedure.  *Brown v. First Health Group Corp.,* No. 4:07-CV-1852, 2009 WL 1940373, at *1 (E.D. Mo. July 7, 2009).  According to the Eighth Circuit, a "motion for reconsideration" is typically construed either as a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment.  *Auto Services Co. v. KPMG, L.L.P.,* 537 F .3d 853, 855 (8th Cir. 2008).  Both Rule 59(e) and Rule 60(b) require that any judgment or order being reconsidered be a final judgment or order.  Fed. R. Civ. P. 59(e), 60(b); *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco and Specialty Co.,* No. 3:09-CV-5078, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010).  The rules prescribe a similar standard in that a district court has wide discretion in deciding whether to grant a Rule 59(e) or 60(b) motion, so long as manifest errors of law or fact, or exceptional circumstances (such as newly discovered evidence that was not available at the time the order was given) exist.  *See Arnold v. ADT Sec. Servs.,* 627 F.3d 716, 721 (8th Cir. 2010) (discussing Rule 60(b)); *see also Disc. Tobacco,* 2010 WL 3522476, at *1 (discussing Rules 59(e), 60(b)).

Additionally, an interlocutory order "may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Reconsideration may be granted if the earlier decision (1) misunderstood a party, (2)

---

[1] BSI states that it does not waive and specifically reserves all claims and arguments asserted in its response to Counterclaim Defendant's Motion for Judgment on the Pleadings.  (Doc. 35 at p. 1.)

made a decision outside of the adversarial issues, or (3) would be rendered incorrect because of a "controlling or significant change in law" since the issues were submitted to the Court. *Westinghouse Electric Co. v. United States,* No. 4:03-CV-861, 2009 WL 881605, at *4 (E.D. Mo. Mar. 30, 2009). Moreover, when evaluating whether to grant a motion to reconsider, the Court also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders. *Disc. Tobacco,* 2010 WL 3522476, at *2.

### III. Discussion

#### A. Motion to Reconsider

As previously noted, BSI only challenges the Court's dismissal of BSI's counterclaims for fraud and indemnity.

BSI argues that the Court "mistakenly considered the presence of De Jesus and De Jesus as the alleged fraudulent misrepresentation when, in fact, it was the nondisclosure of an entirely different escrow agent that formed the basis of BSI's claim for fraud." (Doc. 35 at p. 2.) Specifically, BSI contends that "it was Dinosaur's fraudulent nondisclosure of a wholly separate escrow agent, the Pennings Foundation, that formed the basis for BSI's fraud claim." *Id.* BSI filed the instant Motion to "clarify to the Court that the disclosure of De Jesus and De Jesus does not defeat BSI's counterclaim because the counterclaim for fraud alleges that Dinosaur fraudulently failed to disclose the identity of the true court-appointed escrow agent, an entity that was not De Jesus and Je Jesus." *Id.* at p. 3. BSI argues that Dinosaur's Motion for Judgment on the Pleadings should have been denied with respect to BSI's fraud claim and its related indemnity claim. In the alternative, BSI requests leave to amend its Counterclaim to state its

claim for fraud and indemnity with more particularity "related to the nondisclosure of the true court-appointed escrow agent for the transaction." *Id.* at 6.

Dinosaur responds that the Motion for Reconsideration should be denied because BSI points to nothing that the Court misapprehended or that would constitute newly discovered evidence. Dinosaur contends that the Counterclaim does not allege that Dinosaur knew at the time of the payment orders the identity of a court-appointed escrow agent or that Dinosaur asserted that De Jesus & De Jesus was a "court-appointed escrow agent." With regard to BSI's alternative request to amend its Counterclaim, Dinosaur argues that BSI does not assert any fact now that would enable it to plead with particularity facts sufficient to make out a claim of fraud.

This Court is well within its authority to reconsider any of its interlocutory rulings before entering final judgment in this case. *See* Fed. R. Civ. Pro. 54(b). In light of BSI's new allegations, it is a close call as to whether BSI failed to allege the fraud with particularity or whether this Court misunderstood the crux of BSI's allegations. As noted in the Memorandum and Order, Federal Rule of Civil Procedure 9(b) required BSI to allege fraud with particularity. To satisfy this requirement, the Counterclaim must plead facts such as the time, place, and content of Dinosaur's false representations, as well as the details of Dinosaur's fraudulent acts. *See U.S. ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914, 916 (8th Cir. 2014). The facts relevant to BSI's fraud claim were contained in paragraph 9 of the "Facts Common to All Claims," which provides as follows:

> Dinosaur failed to disclose to Bancservices that the Transaction circumvented the Curacao Court process by using a Panama law firm as an escrow agent. Therefore, Bancservices did not understand the actual role of the Panama law firm. The Panamanian law firm, De Jesus & De Jesus, was not the escrow agent approved by the Curacao Court. Further there was a court appointed escrow agent that was not disclosed to Bancservices. Therefore it is now unclear as to why De Jesus & De Jesus was to receive a payment in excess of $6 million as part of the Transaction. Both the involvement of the Panamanian law firm and

4

the large and unexplained payment to it, if disclosed to Bancservices, would have raised significant compliance issues and may have ultimately caused the Transaction to be rejected by other involved parties.

(Doc. 10 at p. 2.)

In its Response to Dinosaur's Motion for Judgment on the Pleadings, BSI clarified that the fraudulent representations were as follows: Dinosaur affirmatively represented that the transmission of the funds "did not involve any parties that would cause it to be rejected;" and Dinosaur "failed to disclose the true parties to the transaction and the involvement of a Panama law firm to circumvent the Venezuelan court order that required payment through a different escrow agent." (Doc. 31 at p. 13.) BSI further argued that it satisfied the particularity requirements of 9(b) in that it provided: "the who (Dinosaur), the what (Dinosaur failed to disclose the true parties to the transaction), the where (Dinosaur's instructions for transmission), the when (October 30, 2018), and the how (the omitted information caused the transaction to be cancelled, causing BSI's injury)." *Id.* at p. 15. The Court cited these statements in its Memorandum and Order, in finding that BSI's allegations did not state a claim for fraud. (Doc. 33 at p. 21.) In support of this determination, the Court noted that the documents Dinosaur provided to BSI on October 30, 2018 explicitly described De Jesus & De Jesus' role as Escrow Agent between PDVSA and Tipco. (Doc. 17 at pp. 21-25.) The documents did not suggest that De Jesus & De Jesus was an escrow agent appointed by a court order.

BSI acknowledges the "self-inflicted confusion caused by some of the allegations in the Counterclaim," such as its reference to "the duty to disclose the role of De Jesus and De Jesus." (Doc. 35 at p. 6 FN 2.) BSI states that, although these allegations "could understandably be construed as allegations of fraud relating to the simple disclosure of De Jesus and De Jesus, they were intended be taken within the context of related allegations which focus on the true role of

5

De Jesus and De Jesus." *Id.* BSI's explanation illustrates the lack of specificity provided in the Counterclaim, which led the Court to find BSI failed to state a claim for fraud. The Court's determination was not based on a mistake or misunderstanding but, rather, the allegations provided in BSI's Counterclaim and Response.

BSI argues in the instant Motion that the "gravamen of the claim is the fact that De Jesus and De Jesus was the escrow agent being used by Dinosaur notwithstanding the fact that the Court had actually appointed a wholly different escrow agent for the transaction." (Doc. 35 at p. 5.) BSI states that it has "subsequently learned that the Curacao Court appointed a different escrow agent – the Pennings Foundation – for the transaction as opposed to De Jesus and De Jesus." *Id.* BSI contends that it is "these facts – the nondisclosure of the true escrow agent and the true role of De Jesus and De Jesus – that forms the basis of BSI's counterclaim for fraud." *Id.*

BSI's allegations are materially different from those contained in the Counterclaim and its Response to Dinosaur's Motion for Judgment on the Pleadings. BSI provides additional facts to clarify its fraud claim, and references for the first time involvement by "the Pennings Foundation." In granting the original dismissal, this Court was required to view the allegations of the *Counterclaim* in the light most favorable to BSI, and determine if the *Counterclaim* adequately stated a claim, so that plaintiff would be entitled to present evidence in support of that claim. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007) (emphasis added). Because BSI points to no error in the Court's evaluation of the Counterclaim, the Court declines to vacate its decision dismissing BSI's fraud and indemnity claims at this time.

### B. Motion to Amend

BSI requests, in the alternative, leave to amend its Counterclaim to state its claim for fraud and indemnity with more particularity "related to the nondisclosure of the true court-appointed escrow agent for the transaction." (Doc. 35 at p. 6.) BSI argues that leave should be freely given under Rule 15, and notes that all of its claims have been dismissed without a single opportunity to replead.

Under normal circumstances, "[t]he court should freely give leave [for a party to amend its pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, Rule 16(b) provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order "shall not be modified except upon a showing of good cause." *Schenk v. Chavis,* 259 F. App'x 905, 907 (8th Cir. 2008); *Howard v. Whiteside,* No. 4:10-CV-13, 2010 WL 5287468, at *2 (E.D. Mo. Dec. 17, 2010). The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements. *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 716 (8th Cir. 2008); *Morrison Enters. v. Dravo Corp.,* No. 10-1468, 2011 WL 1237526, at *13 (8th Cir. Apr. 5, 2011).

Finally, post-dismissal motions to amend are disfavored. *In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.,* 623 F.3d 1200, 1208 (8th Cir. 2010). Much of the value of a dismissal would be dissipated if a party was free to rely on one theory in an attempt to defeat the dismissal, and should that theory prove unsound, come back and fight on the basis of some other theory. *Littlefield v. City of Afton,* 785 F.2d 596, 610 (8th Cir. 1986).

The Case Management Order in the instant case required that motions for amendment of pleadings be filed no later than October 30, 2019. At that time, Dinosaur's Motion for Judgment on the Pleadings was still pending. Dinosaur argues that BSI's Motion to Amend should be

7

denied because it does not assert any fact that would enable it to plead with particularity facts sufficient to state a claim of fraud.  Although Dinosaur ultimately may be correct, the Court is unable to make that determination at this time, because BSI has not attached a proposed amended complaint.

Given the preference for "affording parties an opportunity to test their claim on the merits," *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009), the Court will give BSI an opportunity to file a proposed amended complaint.  After the filing of the proposed amended complaint, the parties will be given the opportunity to brief the issue of whether the proposed amended complaint cures the deficiencies set out in the Court's previous Memorandum and Order.  The Court will then determine whether to permit the filing of the amended counterclaim and whether the dismissal of the fraud and indemnity claims should be set aside.

Accordingly,

**IT IS HEREBY ORDERED** that BSI's "Motion to Reconsider the Court's December 6, 2019 Memorandum and Order as it Relates to Counterclaims and Request for Oral Argument" (Doc. 34) is **granted in part**, in that BSI shall file a proposed amended complaint and memorandum in support no later than **January 15, 2020**.  Dinosaur shall file a Response to BSI's memorandum in support of its proposed amended complaint no later than **January 27, 2020.**  Any Reply shall be filed no later than **February 3, 2020**.

**IT IS FURTHER ORDERED** that BSI's deadline to respond to Dinosaur's Motion for Attorney's Fees is **stayed.**

/s/ Abbie Crites-Leoni  
ABBIE CRITES-LEONI  
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of January, 2020.