**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**CAPE GIRARDEAU DIVISION**

| | |
|---|---|
| DINOSAUR MERCHANT BANK LIMITED, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) No. 1:19cv84acl | |
| v. ) | |
| ) | |
| BANCSERVICES INTERNATIONAL, LLC, ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

**DEFENDANT/COUNTERCLAIM PLAINTIFF BANCSERVICES INTERNATIONAL, LLC'S MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL**

Dinosaur Merchant Bank Limited ("Dinosaur") has filed a Motion to Compel certain responses to discovery pertaining to the pending counterclaims filed by Bancservices International, LLC ("Bancservices"). The crux of Bancservices' counterclaims is that Dinosaur withheld critical information from Bancservices when initiating a payment order involving PDVSA Petroleo ("PDVSA"), a Venezuelan national oil company that is subject to international sanctions. Dinosaur withheld such information despite internal documents acknowledging such transactions to be "high risk." *See* Doc. 95-1 at ¶ 25; Doc. 112-1). Had Bancservices been provided this information, as alleged in the pending counterclaims, it would not have undertaken the proposed payment order that was ultimately rejected. The rejection of the transaction has caused Bancservices to sustain considerable damages in the form of lost business, as set forth with great detail in Bancservices' Supplemental Objections and Answers to Counterclaim Defendant's Revised First Set of Interrogatories:

> **Objection. BSI objects to this Interrogatory as seeking confidential and proprietary information that is prohibited from disclosure pursuant to contractual obligations. Subject to and without waiving these objections, BSI states that BSI had a contractual relationship with Global Wire Limited to facilitate and process payments for BSI's clients through Global Wire**

> Limited as a support company for BSI. Global Wire Limited utilized ING Slaski Bank to facilitate international currency exchanges. Prior to the transaction at issue in this lawsuit being cancelled, ING Slaski Bank provided Global Wire Limited a preferred foreign exchange rate for facilitating transfers from Euros to USD or USD to Euros. This preferred exchange rate ranged from 1.88% to 2.5% less than the standard exchange rate. This allowed Global Wire to purchase USD or Euros at a lesser rate (the preferred rate) and then sell those USD or Euros using the standard rate, resulting in profits averaging 1.88% to 2.5% of the money exchanged. BSI would utilize this preferred rate for its clients through Global Wire Limited. After the transaction at issue in this lawsuit was cancelled, and as a direct result of the cancelled transaction, ING Slaski Bank no longer provided the preferred exchange rate to Global Wire Limited, thereby causing lost profits to BSI. More specifically, BSI had three clients that moved a total of $76,818,571.62 as follows:
> - Client 3387 moved $61,345,282.38 (see statements produced as BS342-689);
> - Client 3361 moved $4,290,994.25 (see statements produced as BSI741-804); and
> - Client 5435 moved $11,182,296.99 (see statements produced as BSI690-740).
>
> These amounts are known because they were actually transferred by Global Wire. Had Global Wire Limited not lost the preferred rate, BSI would have been able to utilize the preferred rate to make currency exchanges of these same amounts, thereby turning a profit of 1.88% to 2.5% by engaging Global Wire Limited to facilitate the exchange. This resulted in damages of $1,444,189.15 to $1,920,464.29. Additionally, BSI was unable to facilitate transfers for a client in the United States that would have moved $80,000,000.00 from U.S. Dollars to Euros a month through BSI had BSI been able to offer the preferred rate. Through 2019, this resulted in approximately $660,000,000.00 of USD that would have been transferred to Euros through BSI, resulting in lost profits ranging from $12,408,000.00 to $16,500,000.00. Thus, BSI's total damages are $13,852,189.15 to $18,420,464.29. This is further summarized in Exhibit A produced herewith.

Nevertheless, Dinosaur's present motion to compel takes issue with this interrogatory response, along with Bancservices' responses to interrogatories 2,[1] 3, and 11 and responses to requests for production numbers 8-12.

### I.    Objections Based on Confidentiality Concerns

---

[1] Notably, Interrogatory Number 2 was not the subject of any good faith meet and confer obligations between the parties. *See* Dinosaur's Exhibits 5 and 6 (Docs. 101-7 and 101-8).

Dinosaur principally contends that Bancservices should be required to provide unredacted information relating to the clients lost by Bancservices due to the tortious conduct of Dinosaur. As set forth above, Bancservices provided detailed information relating to the damages it is claiming as a result of Dinosaur's actions. This information was supported by bank records establishing the amount of transactions Bancservices lost. The information redacted went to the client-identifying information only, and Dinosaur has been provided the information to corroborate Bancservices' claims for damages.

Requiring the disclosure of client information would result in the disclosure of highly sensitive information to Dinosaur, a financial institution that is a competitor to the clients of Bancservices. Revealing such information would therefore be harmful to Bancservices' clients, who are non-parties to this dispute. Notably, the information sought by Dinosaur would include identifying information of the clients of Bancservices' clients, further jeopardizing Bancservices' clients' confidential relationships. Bancservices has notified its clients of Dinosaur's request for this information, and those clients have insisted that they do not wish their information to be disclosed to Dinosaur. *See* Declaration of Javier Goicochea, attached hereto as Exhibit A. Bancservices therefore must object to such disclosure. Pursuant to Rules 26(c)(G), 33, and 34, this Court has the discretion to limit the disclosure of this sensitive information.

**II.     Privilege Objections**

Dinosaur's Requests 8-12 contain extremely broad requests asking for "[a]ll documents, *in any form maintained*, constituting and relating to…" (emphasis added). As written, these broad requests would require the production of, for example, communications between Bancservices and its attorneys discussing the matters requested or notes or other work product of counsel "relating to" the matters requested. Such documents would plainly be privileged. As

such, Bancservices strenuously objects to the production of any such documents.  Importantly, as acknowledged by Dinosaur, the parties mutually agreed that no privilege logs would need to be exchanged until further discussion and agreement.  *See* Dinosaur's Exhibit 6 (Doc. 101-8) and Dinosaur's Exhibit 7 at p. 19 (Doc. 101-9).  Accordingly, Bancservices objects to the disclosure of any documents that Bancservices is claiming are privileged.

Respectfully submitted,

**BLITZ, BARDGETT & DEUTSCH, L.C.**

By:  */s/ Aaron W. Sanders*
Aaron W. Sanders, #64133MO
120 South Central Ave., Suite 1500
St. Louis, MO 63105
(314) 863-1500
(314) 863-1877 (facsimile)
asanders@bbdlc.com

**JOHNSON, SCHNEIDER & FERRELL, LLC**

*/s/ Larry Ferrell*
Larry Ferrell, #28874
Matthew Ferrell
Mark Johnson
212 North Main Street
Cape Girardeau, MO 63701
(573) 335-3300
(573) 335-1978

*Attorneys for Defendant Bancservices International, LLC*

4

**CERTIFICATE OF SERVICE**

A copy of the foregoing was sent via electronic mail this 23rd day of October, 2020, to counsel of record.

*/s/ Aaron W. Sanders*
