UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DINOSAUR MERCHANT BANK LIMITED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANCSERVICES INTERNATIONAL LLC, ) <br> ) <br> Defendant. ) | Case No. 1:19 CV 84 ACL |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Dinosaur Merchant Bank Limited's ("Dinosaur") Request for Attorneys' Fees. (Doc. 78 at pp. 10-11 and Doc. 94.)

On September 2, 2020, the Court issued a Memorandum and Order denying Bancservices International, LLC's ("BSI") Motion to Quash or Modify Subpoenas and granting Dinosaur's Motion to Compel. (Doc. 92.) The Court directed Dinosaur to submit documentation in support of its Request for Attorneys' Fees. In compliance with the Court's Order, Dinosaur filed fee declarations of two of its attorneys for work performed at their respective firms. (Docs. 94, 94-1, 94-2.) BSI has filed a Memorandum in Opposition to Dinosaur's Fee Declarations. (Doc. 134.)

**I.     Dinosaur's Entitlement to Attorneys' Fees**

If a court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or

objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

The Court finds that Dinosaur is entitled to its reasonable attorneys' fees associated with the filing and briefing of its Motion to Compel.  Indeed, BSI does not dispute Dinosaur's ability to recover fees, but instead argues that some of the hours sought are inappropriate and the hourly rates requested are excessively high.

## II.     Reasonableness of Dinosaur's Fee Request

Dinosaur seeks a total award of $20,307 in attorneys' fees, consisting of $10,620 for work performed by firm Lewis Baach Kaufmann Middlemiss PLLC ("LBKM") and $9,687 for work performed by firm Dentons US LLP ("Dentons").  In support of its request, Dinosaur submits the declarations of attorneys Tara J. Plochocki, partner at LBKM ("Plochocki Declaration"); and Steven M. Aaron, former partner[1] at Dentons ("Aaron Declaration").  (Docs. 94-1, 94-2.)

The Plochocki Declaration seeks fees for three timekeepers at the following rates: $600 per hour for Ms. Plochocki's 16.1 hours of work ($9,660); $600 per hour for attorney Marc F. Scholl's 0.5 hour of work ($300); and $165 per hour for investigative analyst James MacFadyen's 4 hours of work ($660).  The Aaron Declaration seeks fees for three timekeepers at the following rates: $650 per hour for Mr. Aaron's 5.9 hours of work ($3,835); $340 per hour for associate attorney Betsey Lasister's 12.8 hours of work ($4,352); and $300 per hour for paralegal Adriana Grabowski's 5 hours of work ($1,500).

"The amount of the fee must be determined on the facts of each case, and the district court has wide discretion in making this determination." *Safelite Grp., Inc. v. Rothman*, 759 F.

---

[1]Mr. Aaron changed firms subsequent to the filing of the instant Motion.

App'x 533, 535 (8th Cir. 2019) (quoting *Rogers v. Kelly*, 866 F.2d 997, 1001 (8th Cir. 1989)). To determine the amount of a reasonable fee, the Court uses the "lodestar method," where the starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Abdullah v. County of St. Louis, Mo.*, No. 4:14CV1436 CDP, 2015 WL 5638064, *1 (E.D. Mo. Sept. 24, 2015) (citations omitted).  The party seeking fees is responsible for providing evidence of hours worked and the rate claimed.  *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003).  The district court is required to exclude from the initial fee calculation hours that were not "reasonably expended," for example, hours that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

**1. Number of Hours**

The Court will first determine the number of hours reasonably expended in filing and prosecuting Dinosaur's Motion to Compel (Doc. 77) filed on July 23, 2020.  BSI objects to time entries related to the following subjects:

*a. Meet and Confer Conferences*

The Declarations of both Ms. Plochocki and Mr. Aaron include entries on July 14, 2020, related to a meet and confer conference.  Ms. Plochocki billed 2.5 hours for preparing for the conference and attending the conference.  (Doc. 94-1 at p. 2.)  Ms. Lasister billed 1.8 hours to prepare for and attend the conference; and Mr. Aaron billed 1.1 hours for attending the conference and for following-up on issues raised during the conference.  (Doc. 94-2 at p. 2.)

BSI notes that the July 14th conference was not limited to issues raised in Dinosaur's Motion to Compel.  Instead, BSI states that the parties discussed issues related to the pending counterclaim discovery, objections raised by non-parties, and additional issues that the Court did

not have to address in the September 2, 2020 Memorandum and Order.  BSI has attached the Declarations of Matthew Ferrell and Aaron W. Sanders in support of its representations regarding the topics covered at the July 14th conference.  (Docs. 134-2, 134-3.)

Similarly, BSI argues that Mr. Aaron should not be permitted to recover fees for his time related to a meet and confer conference that occurred on August 25, 2020.  Mr. Aaron billed .6 of one hour on August 24, 2020 for preparation related to the conference; and Ms. Lasister billed 1.6 hours for participating in the conference on August 25, 2020.  (Doc. 94-2 at p. 3.)  BSI states that the purpose of this meet and confer was solely to discuss objections to discovery related to the Counterclaim, which was not the subject of the September 2, 2020 Memorandum and Order.  BSI again supports this contention with the Declarations of Mr. Ferrell and Mr. Sanders.  (Docs. 134-2, 134-3.)

!   After reviewing Dinosaur's entries and the Declarations of Mr. Ferrell and Mr. Sanders, the Court agrees that the requested fees for time spent on the meet and confer conferences should not be recoverable.  Both conferences involved topics unrelated to the filing or prosecuting of the Motion to Compel addressed by the Court on September 2, 2020.  Thus, the $3,761 billed for these hours will be excluded when calculating Dinosaur's fee award.

b.  *Motion for Extension*

BSI next points to the entries of Mr. Aaron and Ms. Lasister on July 15, 2020, in which they bill for time spent on drafting an unopposed motion for extension of time to file a response to BSI's Motion to Quash.  BSI argues that it should not incur fees associated with Dinosaur's request that was unopposed by BSI.

Mr. Aaron's entry indicates that he expended 1.7 hours on the following tasks: "review and analyze case law BSI sent to support its objection to interrogatory requesting identity of

entity paying BSI's legal fees; review and modify draft motion for extension to respond to BSI's Motion to Quash; email to BSI counsel regarding motion; attention to filing." (Doc. 94-2 at p. 2.) Ms. Lasister expended 1.9 hours as follows: "finalize unopposed motion to quash for filing; review and analyze case law cited by BSI regarding whether the identity of who pays the attorneys' fees is privileged in anticipation of preparing motion to compel; begin drafting motion to compel." *Id.*

The undersigned agrees that Dinosaur should not recover fees for preparing an unopposed motion for extension of time to file a response to BSI's motion to quash. Because counsel did not set forth what amount of time was spent on each task, it is unclear to the Court as to how much time was spent preparing the motion. Accordingly, the Court denies Dinosaur's request for $1,751 in attorneys' fees associated with these time entries.

    c.  *Document Production*

BSI cites Ms. Grabowski's July 23, 2020 entry in which she billed 1.4 hours for revising and finalizing the Motion to Compel and associated filings, and "review[ing] pending document production to Bancservices." (Doc. 94-2 at 3.) BSI notes that Dinosaur's document production was not the subject of the Court's Order and BSI is not entitled to recover these fees. The undersigned agrees. Because counsel did not set forth what amount of time was spent on each task, Dinosaur's request for $420 in attorneys' fees associated with this entry will be denied.

    **2.  Hourly Rates**

BSI next argues that Dinosaur's requested hourly rates are excessive, consisting of attorney rates as high as $650 and paralegal rates as high as $300.

The Court addressed the reasonableness of Dinosaur's attorneys' hourly rates in the June 26, 2020 Memorandum and Order awarding Dinosaur attorneys' fees for prevailing on its Motion for Judgment on the Pleadings. (Doc. 67.) After examining all the evidence submitted by the parties and drawing on the undersigned's own experience with billing rates, the Court reduced the hourly rates of Dinosaur's attorneys and paralegals, including those of Mr. Aaron and Mr. Scholl.

In his Declaration, Mr. Aaron states that he understands the Court's previous ruling regarding hourly rates, yet he argues that the rates sought here are reasonable "in light of Plaintiff's conduct, which necessitates repeated filings." (Doc. 94-2.) Contrary to Mr. Aaron's suggestion, BSI's conduct does not entitle Dinosaur's attorneys to higher hourly rates. BSI's conduct in forcing Dinosaur to file a Motion to Compel was considered in finding Dinosaur is entitled to recover reasonable attorneys' fees.

The Court has already undertaken the analysis of reasonable hourly rates for Dinosaur's attorneys in this matter and will not repeat that analysis here. The rates of the following attorneys and paralegals will be adjusted as indicated:

LMKM: Ms. Plochucki ($480), Mr. Scholl ($480), Mr. MacFadyen ($100)

Dentons: Mr. Aaron ($450), Ms. Lasister ($275), Ms. Grabowski ($100)

### 3. Lodestar Calculation

With the adjustments to the billing rates and hours of Dinosaur's attorneys discussed above, the lodestar calculation is as follows:

|  | Hours Claimed | Rate Claimed | Hours Approved | Rate Approved | Total |
|---|---|---|---|---|---|
| Plochocki | 16.1 | $600 | 13.6 | $480 | $6,528 |
| Scholl | 0.5 | $600 | 0.5 | $480 | $240 |

6

| | | | | | |
|---|---|---|---|---|---|
| MacFadyen | 4 | $165 | 4 | $100 | $400 |
| Aaron | 5.9 | $650 | 2.5 | $450 | $1,125 |
| Lasister | 12.8 | $340 | 7.5 | $275 | $2,062.50 |
| Grabowski | 5 | $300 | 3.6 | $100 | $360 |
| **Total Fee Award:** | | | | | **$10,715.50** |

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Dinosaur Merchant Bank Limited's Request for Attorneys' Fees (Doc. 78) is **granted** in that Dinosaur is awarded **$10,715.50** for the fees associated with the filing of its Motion to Compel .

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of March, 2021.