UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DINOSAUR MERCHANT BANK LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.  1:19 CV 84 ACL |
| | ) |
| BANCSERVICES INTERNATIONAL LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Counterclaim Plaintiff Bancservices International, LLC ("BSI")'s Motion to Voluntarily Dismiss Without Prejudice.  (Doc. 148.)  BSI seeks to dismiss its Amended Counterclaim without prejudice in its entirety pursuant to Federal Rule of Civil Procedure 41(a), "on the grounds that pursing the relief therein is no longer economically feasible for Counterclaim Plaintiff."  (Doc. 148 at p. 1.)  Dinosaur responds that the Court should grant the Motion, but with prejudice.  (Doc. 149.)  BSI did not file a Reply.

BSI's motion is brought under Federal Rule of Civil Procedure 41(a)(2).  That rule states that, under the present circumstances, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," and "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  "Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion for dismissal without prejudice."  *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995).

The court must consider when deciding whether to allow a voluntary dismissal: (1) whether the party has presented a proper explanation for its desire to dismiss, (2) whether a dismissal would result in a waste of judicial time and effort, and (3) whether a dismissal will

prejudice the defendants.  *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (citing *Thatcher v. Hanover Ins. Grp., Inc.,* 659 F.3d 1212, 1213 (8th Cir. 2011)).  A party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.  *Thatcher*, 659 F.3d at 1213-14.  A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court.  *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

      Dinosaur argues that the dismissal should be with prejudice because BSI has intentionally delayed providing discovery and has wasted judicial and party resources.  Dinosaur notes that BSI filed its motion to dismiss the day before its deadline to comply with the Court's Order compelling discovery and has not provided any of the required information.  (Doc. 146.)  Dinosaur further contends that BSI may seek to bring the claims again without ever paying the financial sanctions ordered by this Court.

      By way of background, the Court initially dismissed the Counterclaim for failure to state a claim, but upon reconsideration permitted BSI to file an Amended Counterclaim.  (Docs. 33, 41.)  The Amended Counterclaim was filed on April 17, 2020, almost one year before BSI filed its motion to dismiss.  (Doc. 47.)  On October 9, 2020, Dinosaur filed a Motion to Compel BSI to Respond More Fully to Discovery.  (Doc. 100.)  The Court granted Dinosaur's Motion in part, and directed BSI to respond more fully to Dinosaur's Interrogatories and Requests for Production.  (Doc. 146.)  Dinosaur also filed a Motion for Sanctions (Doc. 121) related to a previous order compelling post-judgment discovery.  Dinosaur requested that the Court dismiss BSI's Counterclaim as a sanction.  The Court declined to dismiss the Counterclaim, however, directed BSI to cure the deficiencies in its discovery responses and imposed a monetary sanction

of $10,000 in attorneys' fees.  (Doc. 146.)  This matter is presently set for trial for October 4, 2021.

Considering the record of this case and all the relevant factors, the Court finds dismissal without prejudice is inappropriate.  Both the Court and Dinosaur have expended significant time and effort on resolving issues pertaining to the Counterclaim.  BSI has exhibited a pattern of delay in providing discovery to Dinosaur, resulting in monetary sanctions being issued against BSI.  Dinosaur represents that, to date, BSI has neither provided the discovery responses nor paid the sanctions ordered by the Court.  Dinosaur would be prejudiced if BSI were permitted to refile its Counterclaim and evade this Court's adverse rulings.  Despite having notice of BSI's request for the Court to dismiss the Counterclaim with prejudice, BSI has not filed a reply opposing this request.  The Court finds dismissal with prejudice is appropriate in this case.

Accordingly,

**IT IS HEREBY ORDERED** that BSI's Motion to Voluntarily Dismiss Without Prejudice (Doc. 148) is **granted in part**.

**IT IS FURTHER ORDERED** that BSI's Amended Counterclaim is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the trial setting is vacated.

/**s**/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of June, 2021.