UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DINOSAUR MERCHANT BANK LIMITED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  1:19 CV 84 ACL |
| ) | |
| BANCSERVICES INTERNATIONAL LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Dinosaur Merchant Bank Limited's ("Dinosaur") "Motion for an Order Confirming that the April 17, 2020 Judgment Left No Claims by Plaintiff Still Pending." (Doc. 195).  This matter is fully briefed and ripe for disposition.

In its Motion, Dinosaur notes that the Eighth Circuit Court of Appeals recently issued an order directing the parties to brief the issue of the status of Dinosaur's claims for conversion and breach of good faith and fair dealing. (Doc. 194.)   Dinosaur requests that this Court issue an indicative order pursuant to Rule 62.1, "confirming that as a result of the Rule 54(b) judgment the other theories or claims were and are no longer pending."  (Doc. 195 at p. 3.)  Dinosaur further requests that the Court state pursuant to Rule 62.1(c) that, "were the Circuit Court to remand for that purpose this Court would either grant such relief or clarify the April 17, 2020, judgment to make that result clearer." *Id.*

Defendant Bancservices International, LLC ("BSI") has filed a Response in opposition to Dinosaur's Motion.  (Doc. 196.)  BSI argues that the Motion is procedurally improper under Rule 62.1  BSI further argues that an order dismissing the claims for conversion and breach of good faith and fair dealing must be made with prejudice.

Under Rule 62.1, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).  Rule 62.1(c) provides that "[t]he district court may decide the motion if the court of appeals remands for that purpose."

By its very terms, Rule 62.1 "only applies when a 'timely motion' (typically a Rule 60(b) motion) has been made for relief that the court lacks jurisdiction to grant, because of the pendency of an appeal." *Medgraph, Inc. v. Medtronic, Inc.*, 310 F.R.D. 208, 210-11 (W.D. N.Y. 2015).  In other words, "[a]bsent an underlying, predicate motion, there is no basis for relief under Rule 62.1." *Id.* (citing Advisory Committee Notes to Rule 62.1 ("This new rule adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal"); 12 James W. Moore et al., MOORE'S FEDERAL PRACTICE § 62.1.10[2] ("The rules governing indicative-ruling procedure ... apply only if a pending appeal bars the district court from granting the relief sought in a postjudgment motion")).

Here, Dinosaur has not filed a separate Rule 60(b) motion, and instead has moved for an "indicative order" pursuant to Rule 62.1.  Rule 62.1, however, does not provide a basis for such a free-standing motion asking the Court to provide an advisory or indicative ruling informing the Eighth Circuit Court of Appeals what it would do if the case were to be remanded.  *See Medgraph, Inc.*, 310 F.R.D. at 210.  Thus, Dinosaur's Motion will be denied.

Accordingly,

2

**IT IS HEREBY ORDERED** that Dinosaur's Motion for an Order Confirming that the April 17, 2020 Judgment Left No Claims by Plaintiff Still Pending (Doc. 195) is **denied**.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this  3rd day of August, 2021.