UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DINOSAUR MERCHANT BANK LIMITED, ) ) Plaintiff, ) ) v. ) ) BANCSERVICES INTERNATIONAL LLC, ) ) Defendant. ) | Case No.  1:19 CV 84 ACL |

**MEMORANDUM AND ORDER**

This matter is before the Court following the Eighth Circuit Court of Appeals' dismissal of Defendant Bancservices International LLC's ("BSI") appeal.

**I.      Procedural Background**

On December 6, 2019, this Court granted Plaintiff Dinosaur Merchant Bank Limited's ("Dinosaur") Motion for Judgment on the Pleadings.  (Doc. 33.)  Specifically, the undersigned held that Dinosaur was entitled to judgment on the pleadings as to its breach of contract claim, and directed BSI to return the funds at issue to Dinosaur along with interest, costs, and attorney's fees.  Because Dinosaur requested the same relief as to its remaining claims of conversion and breach of good faith and fair dealing, the Court indicated that it "need not reach these additional claims."  *Id.* at p. 19.  The Court granted Dinosaur's request for the entry of final judgment under Rule 54(b), and entered final judgment in favor of Dinosaur in the amount of $3,469,718.26 "on Plaintiff's Complaint."  (Doc. 49.)  BSI appealed this judgment.  (Doc. 59.)

Following oral argument, the Eighth Circuit Court of Appeals *sua sponte* asked the parties to address the following issues: (1) the status of Dinosaur's claims of conversion and breach of good faith and fair dealing; (2) if the claims are still pending, does the Court's decision

in *Outdoor Central, Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115 (8th Cir. 2011), require the Court to dismiss the appeal for lack of judication?  (Doc. 194.)  In an opinion dated August 6, 2021, the Eighth Circuit held that *Outdoor Central* required the dismissal of BSI's appeal because the two related claims were still pending.  (Doc. 199.)[1]

On August 6, 2021, this Court directed the parties to provide a status report within fourteen days informing the Court how the parties wished to proceed in light of the Eighth Circuit's decision.  (Doc. 201.)

On August 13, 2021, BSI and Non-Parties Glenn Ault, Jr.; The Bancservices Group, Inc.; Javier Goicochea; Thompson International, Ltd, Inc; and BSI Group LLC filed a "Motion to Dismiss [Dinosaur's] Motion for a Creditor's Bill and for Other Relief & Motion to Vacate & Quash all Postjudgment Proceedings."  (Doc. 202.)  Non-Party Linda Jeanne Ault subsequently joined in the Motion of BSI and the other Non-Parties.  (Doc. 208.)

On August 20, 2021, Dinosaur filed a Status Report in response to this Court's August 6, 2021 Order.  (Doc. 204.)  Dinosaur contemporaneously filed a "Motion of Plaintiff for an Order to Resolve the Status of Certain Claims in Connection with the Judgment on the Pleadings Motion, to Hold Certain Pending Motions in Abeyance, and to Mandate the Payment of Sanctions Previously Ordered" (Doc. 205), along with a combined Memorandum in support of its Motion and Memorandum in opposition to BSI's Motion to Dismiss (Doc. 206).

BSI and the Non-Parties filed a Status Report pursuant to the Court's Order on August 20, 2021.  (Doc. 207.)  They filed a combined Reply in support of their Motion to Dismiss and Response in opposition to Dinosaur's Motion on August 30, 2021.  (Doc. 211.)

---

[1] The formal mandate was issued on August 30, 2021.  (Doc. 210.)

II.     Discussion

A. Dinosaur's Pending Claims

The Eighth Circuit found that Dinosaur's conversion and breach of the covenant of good faith and fair dealing claims were still pending when this Court granted judgment on the pleadings to Dinosaur on the breach of contract claim.  Because the pending claims stem from the same factual allegations and raise similar legal issues as the breach of contract claim, the Eighth Circuit held that the Rule 54(b) certification was inappropriate.  There was, therefore, no final decision to appeal.

As previously noted, the parties have filed separate status reports following the Eighth Circuit's decision.  Dinosaur argues that, to the extent that this Court has not dismissed the two related claims, it is appropriate for the Court to now reach them in connection with the prior judgment on the pleadings motion.  (Doc. 204.)  Dinosaur contends that further briefing is not required.  Dinosaur argues in the alternative that, if the "Eighth Circuit was not correct and this Court dismissed those claims then this Court should simply enter a judgment accordingly." (Doc. 206 at p. 3.)

BSI argues that the litigation on Dinosaur's conversion and breach of good faith and fair dealing claims remains pending pursuant to the Eighth Circuit's opinion.  (Doc. 207.)  Given the subsequent events in this case since Dinosaur filed its Motion for Judgment on the Pleadings, Dinosaur argues that it would be beneficial to the parties and the Court to provide supplemental briefing focusing on the conversion and breach of good faith and fair dealing claims.  BSI proposes a briefing schedule of September 9, 2021 for BSI to provide additional briefing and September 24, 2021 for Dinosaur to provide any response.  BSI further advises that it intends to file a motion for reconsideration of the Court's judgment on the pleadings with respect to the

breach of contract claim, along with a motion for leave to file an amended answer and affirmative defenses.

The Eighth Circuit is unequivocal in its finding that Dinosaur's conversion and breach of good faith and fair dealing claims were pending at the time this Court granted Dinosaur's Motion for Judgment on the Pleadings.  Because Dinosaur has not subsequently dismissed these claims, they remain pending at this time.  As such, this Court must reach the merits of those claims in connection with Dinosaur's Motion for Judgment on the Pleadings.  The Court agrees with Dinosaur that the issue of whether Dinosaur is entitled to judgment on the pleadings on its conversion and breach of good faith and fair dealing claims has already been fully briefed.  Although a significant amount of time has passed and dozens of motions have been filed, none of these subsequent developments impact the Court's resolution of these issues.  Allowing for additional briefing would only result in further delay.

Accordingly, BSI's request for additional briefing on Dinosaur's conversion and breach of good faith and fair dealing claims is denied.  The Court will determine whether Dinosaur is entitled to judgment on the pleadings on its conversion and breach of good faith and fair dealing claims based on the previously filed pleadings (Docs. 21, 31, 32) in due course.

**B.  Post-Judgment Proceedings**

BSI argues that, in light of the Eighth Circuit's decision that there was no final judgment, the April 17, 2020 Judgment entered by this Court was improperly certified as final and is therefore vacated.  (Doc. 202.)  Because no final judgment existed, BSI argues that Dinosaur is not entitled to a creditor's bill or to enforce a judgment, and all post-judgment proceedings are a nullity.  BSI therefore argues that Dinosaur's pending motions should be dismissed, and all post-judgment orders should be vacated and all post-judgment writs should be quashed.

Dinosaur agrees that an application for a creditors' bill requires a judgment, but requests that the Court hold this motion in abeyance rather than dismiss it. (Doc. 206.) Dinosaur argues that its efforts to enforce the judgment were permissible notwithstanding the Eighth Circuit's finding that the order was unappealable.

The Court will address these issues in turn.

**1. Dinosaur's Pending Motion for Creditor's Bill**

Presently pending before this Court is Dinosaur's Motion for a Creditor's Bill and Other Relief with respect to the Court's April 17, 2020 Judgment against BSI. (Doc. 150.) Dinosaur also filed a Motion for Preliminary Injunction in Connection With its Motion for a Creditor's Bill and Other Relief. (Doc. 152.)

Prerequisites to the issuance of a creditor's bill are the existence of a judgment, the issuance of an execution against assets of the judgment debtor and a *nulla bona* return thereon. *Carpernters' Dist. Council of Greater St. Louis and Vicinity v. F.G. Lancia Custom Woodworking, LLC*, 155 F. Supp. 3d 951, 956 (E.D. Mo. 2015) (internal quotation omitted).

In light of the Eighth Circuit's determination that there is no final judgment in this matter, Dinosaur's pending motions for a creditor's bill and preliminary injunction are premature. A claim is not ripe if the alleged injury "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *281 Care Committee v. Arneson,* 638 F.3d 621, 631 (8th Cir.2011) (quoting *KCCP Trust v. City of N. Kan. City,* 432 F.3d 897, 899 (8th Cir. 2005)). Dinosaur cites no authority supporting its request that the Court hold these motions in abeyance on the speculation that a judgment will be granted in its favor in the future.

Thus, the Court will dismiss Dinosaur's pending Motion for a Creditor's Bill and Other Relief (Doc. 150), Motion for Preliminary Injunction (Doc. 152), and the motions to dismiss and

5

other requests for relief filed by BSI and the Non-Parties in response to Dinosaur's pending Motions (Docs. 167, 169, 171, 173).

**2. Past Post-Judgment Proceedings**

BSI next argues that no judgment ever existed that Dinosaur could execute or which would enable Dinosaur to conduct discovery in aid of execution. Consequently, BSI requests that all post-judgment orders be vacated, and all post-judgment writs be quashed, including the following: (1) May 28, 2020 writ of execution of garnishment (Doc. 64); (2) September 2, 2020 Order on the motion to quash and motion to compel (Doc. 92); (3) October 29, 2020 writ of execution of garnishment (Doc. 119); (4) October 29, 2020 writ of execution of garnishment (Doc. 120); (5) March 10, 2021 Memorandum and Order on request for attorneys' fees (Doc. 144); and (6) March 10, 2021 Memorandum and Order on motions to compel and motion for sanctions (Doc. 146).

Dinosaur responds that, until the Eighth Circuit's August 6, 2021 opinion, a judgment existed. Dinosaur states that BSI had the following options at the time the judgment was entered: (1) file an appeals bond under Federal Rule of Civil Procedure 62; (2) seek a stay before this Court; or (3) seek a stay before the Eighth Circuit. Dinosaur argues that BSI chose none of these options and, instead, represented to this Court that Dinosaur should "pursue available means of executing on [this Court's] judgment." (Doc. 46 at 10.) As a result, Dinosaur argues that its efforts to enforce the judgment were permissible and are not rendered void because the order turned out to be an unappealable order. The undersigned agrees.

Rule 62(b) of the Federal Rules of Civil Procedure, which applies to money judgments, provides that:

> [a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or

6

>other security and remains in effect or the time specified in the bond or other security.

Fed. R. Civ. P. 62(b).  Additionally, Federal Rule of Appellate Procedure 8 permits an appellant to file an application for stay of an order or judgment of a district court pending appeal. However, a party must "ordinarily move first in the district court" for a stay.  Fed. R. App. P. 8(a)(1)(A).

As Dinosaur points out, BSI did not request a stay or post a bond in this Court, nor did it seek a stay before the Eighth Circuit.  Under these circumstances, BSI's appeal did not prevent Dinosaur from conducting post-judgment discovery or seeking to enforce its judgment.  *See Nat'l Serv. Indust.v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982) ("Defendants did not post a supersedeas bond or obtain a stay of the judgment pending appeal.  Therefore, plaintiff may treat the judgment as final and execute upon it.  If a judgment may be executed upon after an appeal has been filed, certainly discovery in aid of its execution is not precluded by the filing of an appeal.") (citations omitted); *see also* 10 James Wm. Moore et al., Moore's Federal Practice, § 308.10 (3d ed. 2017) (discussing Federal Rule of Appellate Procedure 8, and stating that, "[u]nless stayed, a judgment awarding money or property may be executed upon notwithstanding that an appeal is pending") (footnote omitted).

In this case, Dinosaur properly applied for writs of garnishment and sought discovery in connection with the judgment entered by this Court.  Dinosaur filed two motions to compel discovery, which the Court granted. (Docs. 92, 146.)  Additionally, the Court awarded Dinosaur $10,715.50 in attorney's fees in connection with its first successful Motion to Compel (Doc. 144) and awarded Dinosaur $10,000 in attorney's fees as a sanction for its failure to fully comply with a previous order compelling discovery (Doc. 146).  In the Order on Dinosaur's Motion for Sanctions, the Court found that Dinosaur had suffered prejudice due to BSI's failure to provide

complete discovery responses, in that BSI's conduct caused an "unreasonable delay" and a "needless waste of time and effort on Dinosaur's part." *Id.* at 28.

The Eighth Circuit's determination that there is no final, appealable judgment in this case does not nullify this Court's actions taken in response to Dinosaur's proper efforts to enforce its judgment. Notably, the Eighth Circuit did not reverse this Court's decision granting Dinosaur's Motion for Judgment on the Pleadings on its breach of contract claim. BSI could have prevented enforcement proceedings and avoided all of the post-judgment rulings if it had requested a stay or posted an appeals bond. It chose not to do so. Under these circumstances, BSI is not entitled to avoid all of the rulings this Court made after issuing its judgment.

### C. BSI's Failure to Pay Court-Ordered Sanctions

Dinosaur next argues that BSI should not be permitted to continue to pursue ligation until it pays the sanctions ordered by this Court.

In response, BSI contends that it should "not be forced to incur Dinosaur's attorneys' fees for matters that have now been found improper by the Eighth Circuit." (Doc. 211 at 5.) BSI explains that the awards were entered "as a result of post-judgment discovery that should have never been permissible in light of the Eighth Circuit's finding that there was no enforceable judgment." *Id.*

As discussed above, because BSI did not request a stay or post a bond, Dinosaur was entitled to take actions to execute upon the judgment, including the seeking of discovery. The Eighth Circuit's determination that the judgment was not final for the purpose of appeal does not nullify this Court's order imposing monetary sanctions due to BSI's dilatory conduct.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that a court may issue sanctions for failure to obey an order to provide discovery. The Court has an inherent authority

8

and discretion to "fashion an appropriate sanction for conduct which abuses the judicial process." *Sherman v. Rinchem Co., Inc.*, 687 F.3d 996, 1006 (8th Cir. 2012); *Harlan v. Lewis*, 982 F.2d 1255, 1260 (8th Cir. 1993).

On March 10, 2021, the Court awarded Dinosaur $10,715.50 for the attorneys' fees associated with filing its first Motion to Compel. (Doc. 144.) On the same date, Dinosaur was awarded an additional $10,000 in attorneys' fees as a sanction for its failure to comply with the Court's order compelling discovery. (Doc. 146.) Having been advised by Dinosaur that BSI has not paid these fees, BSI will be directed to pay the awarded attorneys' fees to Dinosaur in full before proceeding in this action.

Accordingly,

**IT IS HEREBY ORDERED** that BSI and the Non-Parties' Motion to Dismiss Dinosaur's Motion for a Creditor's Bill and for Other Relief & Motion to Vacate & Quash all Post-judgment Proceedings (Docs. 202, 208) is **granted in part**, in that Dinosaur's Motion for Creditor's Bill and Other Relief (Doc. 150) and Motion for Preliminary Injunction (Doc. 152) are **dismissed,** thereby mooting all related pending motions (Docs. 167, 169, 171, 173). BSI and the Non-Parties' request to vacate and quash all post-judgment proceedings is **denied**.

**IT IS FURTHER ORDERED** that Dinosaur's Motion for an Order to Resolve the Status of Certain Claims in Connection with the Judgment on the Pleadings Motion, to Hold Certain Pending Motions in Abeyance, and to Mandate the Payment of Sanctions Previously Ordered (Doc. 205) is **granted in part**, in that the Court will resolve Dinosaur's remaining claims in connection with the Motion for Judgment on the Pleadings without further briefing.

The Court will also grant Dinosaur's request to mandate the payment of the previously-ordered sanctions.  Dinosaur's request to hold its pending motions in abeyance is **denied**.

**IT IS FINALLY ORDERED** that BSI shall pay the previously ordered sanctions (Docs. 144, 146) in the total amount of **$20,715.50** by <u>**September 24, 2021,**</u> or show cause why it should not be held in civil contempt.

/**s**/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of September, 2021.